UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HELIS OIL & GAS COMPANY, L.L.C., AND ESTATE OF WILLIAM G. HELIS | * | CIVIL ACTION NO. |
| | * | SECTION |
| versus | | |
| | * | JUDGE |
| MARQUETTE TRANSPORTATION COMPANY OFFSHORE, LLC, FIREMAN'S FUND INSURANCE COMPANY, NATIONAL LIABILITY & FIRE INSURANCE COMPANY, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, ST. PAUL FIRE & MARINE INSURANCE COMPANY, *in personam,* AND THE M/V KRISTEN, ITS ENGINES, TACKLE, FURNITURE, EQUIPMENT, APPURTENANCES, ETC., *in rem* | * | MAGISTRATE |
| | * | |

## COMPLAINT

The Complaint of plaintiffs, Helis Oil & Gas Company, L.L.C. and Estate of William G. Helis (hereinafter sometimes collectively referred to as "Helis"), against defendants, Marquette Transportation Company Offshore, LLC ("Marquette"), Fireman's Fund Insurance Company, National Liability & Fire Insurance Company, Indemnity Insurance Company of North America, and St. Paul Fire & Marine Insurance Company, *in personam,* and the M/V KRISTEN, its

engines, tackle, appurtenances, etc., *in rem*, in an admiralty and maritime claim for purposes of Federal Rule of Civil Procedure 9(h), avers as follows:

1.

This Court has federal question subject matter jurisdiction under 28 U.S.C. §1333.

2.

Venue is appropriate in this judicial district pursuant to 28 U.S.C. §1391.

3.

At all pertinent times, Helis Oil & Gas Company, L.L.C. was a Louisiana limited liability company with its principal place of business in Louisiana.

4.

At all pertinent times, Estate of William G. Helis was a general partnership with its principal place of business in Louisiana.

5.

At all pertinent times, Marquette was a Delaware limited liability company with its principal place of business in Louisiana.

6.

At all pertinent times, Fireman's Fund Insurance Company, National Liability & Fire Insurance Company, Indemnity Insurance Company of North America, and St. Paul Fire & Marine Insurance Company were foreign insurers, licensed and admitted to do business in Louisiana, providing protection and indemnity, collision, or other liability insurance to Marquette as owner or operator of the M/V KRISTEN.  Fireman's Fund Insurance Company, National Liability & Fire Insurance Company, Indemnity Insurance Company of North America, and St.

-3-

Paul Fire & Marine Insurance Company are made defendants herein pursuant to the Louisiana Direct Action Statute, La. R.S. 22:655.

7.

The M/V KRISTEN, official number 520737, a steel-hulled towing vessel, is presently, or will be during the pendency of this civil action, within the Eastern District of Louisiana. At all pertinent times, Marquette was the owner and operator of the M/V KRISTEN.

8.

At all pertinent times, Helis Oil & Gas Company, L.L.C. was the designated operator of the mineral lease encompassing the South Black Bay field, located in the Louisiana territorial waters of Black Bay, roughly due east of the Mississippi River and the town of Pointe A la Hache, Louisiana. South Black Bay Well #6 ("Well #6") is located in the South Black Bay field.

9.

At all pertinent times, Helis Oil & Gas Company, L.L.C. and Estate of William G. Helis were each fifty percent interest owners in the lease and physical property comprising the South Black Bay field, including Well #6.

10.

On information and belief, Well #6 has not produced since 1971. At all pertinent times during Helis' ownership of Well #6, the underground minerals accessed by the well were adequately secured by a production tree. Helis had no plans to return Well #6 to production; rather, Helis intended to dismantle, plug, and abandon the well at a convenient time when the necessary equipment was scheduled to be in the field.

11.

At all pertinent times, Well #6 was equipped with a properly functioning navigation light. Well #6 is located outside of a well-marked navigation channel and in close proximity to a channel marker that was also equipped with a properly functioning navigation light.

12.

On December 4, 2008, at approximately 6:30 p.m., the M/V KRISTEN, with two barges in tow, allided with and damaged the Well #6 production tree. The crew of the M/V KRISTEN did not report the incident to Helis, and Helis first became aware of the damage several days later when field personnel noticed the production tree leaning over at an angle. Through subsequent investigation conducted on Helis' behalf, and later an acknowledgement letter from an attorney retained by Marquette, Helis was able to confirm that the M/V KRISTEN was the offending hit and run vessel.

13.

The M/V KRISTEN's allision with Well #6 caused a split in the well's seven-inch casing. Although pollution from Well #6 was not immediately apparent, on or about January 7, 2009, Helis field personnel noticed the seepage of underground fluids from Well #6. The pollution was reported to the Coast Guard and other regulatory agencies. Thereafter, in January 2009, Helis engaged in necessary operations to control and secure the well from further pollution at a cost, on information and belief, of $880,933.

14.

The aforesaid work to secure and control pollution from Well #6 will result, as near as can be presently estimated, in a $45,542 reduction in the cost to permanently abandon the well.

Accordingly, Helis' pollution-related damages arising from the M/V KRISTEN's allision with Well #6 total $835,391.

15.

The sums expended by Helis to control and prevent further pollution from Well #6 were necessitated by the ordinary and/or gross negligence of Marquette and/or the unseaworthiness of the M/V KRISTEN in the following non-exclusive particulars:

    a. Inadequate manning of the vessel;

    b. Inadequate training of the vessel crew;

    c. Incompetent or unfit vessel crew;

    d. Inadequate or non-functioning navigation and other equipment on the vessel;

    e. Negligent or reckless operation of the vessel;

    f. Failure to maintain a proper lookout;

    g. Violation of regulations, statutes, and/or rules of the road applicable to the vessel and crew;

    h. Other acts, omissions or unseaworthy conditions to be established at the trial.

16.

As a consequence of the acts and omissions of Marquette, and the unseaworthy condition of the M/V KRISTEN, all which were known to and within the privity and knowledge of Marquette, Marquette, Fireman's Fund Insurance Company, National Liability & Fire Insurance Company, Indemnity Insurance Company of North America, St. Paul Fire & Marine Insurance Company, and the M/V KRISTEN are liable to Helis for the sum of $835,391, plus all costs and pre-judgment and post-judgment interest.

17.

Helis expressly pleads its entitlement to the legal presumptions of fault on the part of Marquette and the M/V KRISTEN under *The Pennsylvania* rule and as the result of a moving vessel striking a stationary object.

18.

Helis makes no claim in this proceeding to recover for property damage, or the cost to repair property damage, as a consequence of the aforementioned allision.

WHEREFORE, plaintiffs, Helis Oil & Gas Company, L.L.C. and Estate of William G. Helis, pray that:

1. Defendants, Marquette Transportation Company Offshore, LLC, Fireman's Fund Insurance Company, National Liability & Fire Insurance Company, Indemnity Insurance Company of North America, and St. Paul Fire & Marine Insurance Company, be served with this Complaint and that after due proceedings are had, there be judgment in favor of plaintiffs against the defendants for all damages alleged, costs, and pre-judgment and post-judgment interest;

2. That process *in rem*, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, issue against the M/V KRISTEN, its engines, tackle, appurtenances, etc., *in rem*, and that all persons claiming any right, title, or interest therein be cited to appear and answer under oath all and singular the

matters aforesaid; and that the vessel be condemned and sold to satisfy the judgment rendered herein;

3. That the Court, after due proceedings, enter judgment in favor of Helis Oil & Gas Company, L.L.C. and Estate of William G. Helis, and against the M/V KRISTEN, its engines, tackle, furniture, equipment, appurtenances, etc., *in rem*, for all damages alleged, costs, and pre-judgment and post-judgment interest; and

4. That the Court grant plaintiffs such other and further relief as may be just under the circumstances.

Respectfully submitted,

/s/ David W. Leefe
David W. Leefe, T.A. (Bar #1479)
Kevin S. Vogeltanz (Bar #32746)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
Email: dwleefe@liskow.com
Email: ksvogeltanz@liskow.com

*Attorneys for Helis Oil & Gas Company, L.L.C. and Estate of William G. Helis*

PLEASE ISSUE SUMMONS TO:

1. Marquette Transportation Company
   Offshore, LLC, through its registered
   agent for service of process:
   Cossich, Sumich & Parisola, L.L.C.
   8397 Highway 23, Suite 100
   Belle Chasse, LA 70037

2. Fireman's Fund Insurance Company
   through its registered agent for
   service of process:
   Louisiana Secretary of State
   8585 Archives Ave.
   Baton Rouge, LA 70809

3. National Liability & Fire Insurance Company
   through its registered agent for
   service of process:
   Louisiana Secretary of State
   8585 Archives Ave.
   Baton Rouge, LA 70809

4. Indemnity Insurance Company of North America
   through its registered agent for
   service of process:
   Louisiana Secretary of State
   8585 Archives Ave.
   Baton Rouge, LA 70809

5. St. Paul Fire & Marine Insurance Company
   through its registered agent for
   service of process:
   Louisiana Secretary of State
   8585 Archives Ave.
   Baton Rouge, LA 70809

PLEASE WITHHOLD *IN REM*
SERVICE UNTIL FURTHER
NOTICE.