```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


HELIS OIL & GAS COMPANY,                    CIVIL ACTION
L.L.C., ET. AL.


VERSUS                                      NO: 09-7504


MARQUETTE TRANSPORTATION                    SECTION: J(3)
COMPANY OFFSHORE, LLC, ET.
AL.
```

**ORDER**

This case arises from an allision between a vessel owned and operated by Defendant Marquette Transportation Company Offshore ("Marquette") and a wellhead owned by Plaintiff Helis Oil & Gas Company ("Helis").

During the recent pretrial conference, an issue arose as to whether Plaintiff Helis should be required to produce a copy of its own investigation report pertaining to the marine casualty that is the subject of this litigation. Plaintiff Helis contends that the investigation, which was performed at the request of its in-house counsel within days of the casualty, is classic work product under Rule 26(b)(3)(A) and therefore not subject to discovery. Nonetheless, Plaintiff Helis intends to call the author of the report to testify at trial as to his investigation of the allision and his personal observations. Defendant Marquette argues that the investigative report should be produced, or, if it is not produced, the witness should be

precluded from testifying at trial.

The applicable federal rule protects only documents and tangible things that were "prepared in anticipation of litigation or for trial . . . ." FED. R. CIV. P. 26(b)(3)(A). In order to resolve this dispute, the Court instructed counsel for Helis to submit a copy of the report for *in camera* review. After reviewing the report, the Court concludes that the work product doctrine does not apply.

The proponent of a privilege bears the burden of showing its applicability. See <u>Hodges, Grant & Kaufmann v. U.S. Gov't, Dep't of the Treasury, I.R.S.</u>, 768 F.2d 719, 721 (5th Cir. 1985). While counsel for Plaintiff Helis contends that the investigation and report were done in anticipation of litigation, the Court is not persuaded for several reasons. First, the investigation was begun within days of the casualty, long before any litigation was envisioned or instituted. Second, the report (at page 4) notes that the owner of the offending vessel had "accepted full responsibility for the incident and that it was awaiting a repair cost estimate from Helis." Third, the report (at page 6) makes several recommendations intended to prevent a similar incident from recurring. Finally, the report itself (at page 2) states that the purpose of the investigation was to determine the facts and contributing factors and make recommendations to prevent recurrence.

For these reasons, the Court finds that Plaintiff Helis has

failed to carry its burden of showing that the investigation and report were prepared *primarily* "in anticipation of litigation." FED. R. CIV. P. 26(b)(3)(A).  The mere fact that the investigation was performed at the request of in-house counsel for Plaintiff Helis does not compel a contrary conclusion.  See <u>U.S. v. El Paso Co.</u>, 682 F.2d 530, 542-43 (5th Cir. 1982).

Accordingly,

**IT IS ORDERED** that Plaintiff Helis immediately produce a copy of the investigative report to opposing counsel.

New Orleans, Louisiana this 5th day of January, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE